# UNITED SETATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICOLE BINGHAM,<br>individually and on behalf of all others<br>similarly situated,<br>        Plaintiff<br><br>v.<br><br><br>WENDY R. OLINSKY, d/b/a<br>Law Office of Wendy R. Olinsky,<br>        Defendant | Civil No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues under the Fair Debt Collection Practices Act, 15 U.S.C. §1692(a) *et seq.,* and G.L. c. 93A to recover damages and to obtain injunctive relief due to Defendant's unlawful conduct in attempting to collect consumer debts.

### Parties

1. Plaintiff Nicole Bingham is an individual who at all relevant times has resided in Dracut, Essex County, Massachusetts.

2. Defendant Wendy R. Olinsky is an individual who at times relevant to this complaint was an attorney engaged in the practice of law in Methuen, Massachusetts.

### Jurisdiction and Venue

3. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate Plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

5. At times relevant to this complaint Defendant was a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.02 because she regularly collected or attempted to collect consumer debts which were owed or asserted to be owed to another. For purposes of this complaint Defendant was also a "creditor" within the meaning of 940 CMR 7.03 because she was an attorney engaged in attempting to collect a consumer debt on behalf of a creditor. As used in this complaint, the phrase "consumer debt" means a financial obligation incurred primarily for personal, family, or household purposes.

6. Defendant sent Plaintiff a collection letter dated October 17, 2013, which was the first written communication from Defendant to Plaintiff regarding monies allegedly owed to Laura J. Cervizzi, P.C. for legal services provided in connection with Plaintiff's divorce. The alleged debt was therefore "consumer" in nature.

7. Defendant's letter of October 17, 2013, stated in pertinent part:

> [U]nless you notify us in writing that you dispute the validity of this debt or any portion thereof within 30 days of receipt of this notice, we will assume this debt to be valid. Upon your written request, we will mail you verification of the debt and the name and address of the original creditor, if different from the current creditor.

8. The above-quoted language purported to constitute the validation rights notice required by 15 U.S.C. §1692(a), 209 CMR 18.18(1), and 940 CMR 7.08(1).

**COUNT I**

9. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

2

10. The first sentence of the purported validation rights notice violated 15 U.S.C. §1692g(a) because it imposed a writing requirement in order for Plaintiff to avoid having Defendant assume the debt to be valid.

11. Plaintiff brings Count I of this complaint on behalf of herself and a class of persons similarly situated.  Class members are all persons to whom Defendant sent an initial letter concerning a consumer debt within one year prior to the filing of this action that included a validation rights notice with language identical or substantially similar to the first sentence of the excerpt set forth in paragraph 7, above, and was not returned or otherwise confirmed as undeliverable.  Excluded from the class are Defendant and her current and former officers, directors, employees, and agents.  Plaintiff alleges that the letter containing the unlawful language was a standard form letter which Defendant sent to all consumer debtors, therefore class members are sufficiently numerous such that joinder is impracticable.

12. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether Defendant is a debt collector under the FDCPA and whether the subject letter violates the FDCPA as alleged.

13. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

14. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither Plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

15. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

      WHEREFORE, Plaintiff prays that this Honorable Court:

(i)     certify Plaintiff's claim pursuant to Fed. R. Civ. P. 23;
(ii)     appoint Plaintiff as class representative and the undersigned as class counsel;
(iii)     award Plaintiff and class members statutory damages against Defendant;
(iv)     award Plaintiff and class members costs and attorney's fees against Defendant;
(v)     award such further relief as shall be just and proper.

## COUNT II

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. The first sentence of the validation rights notice violated 209 CMR 18.18(1), 940 CMR 7.08(1) and the FDCPA because it imposed a writing requirement in order for Plaintiff to avoid having Defendant assume the debt to be valid. Therefore, the letter violated G.L. c. 93A, §2.

18. As a result of Defendant's unlawful language, Plaintiff was misinformed and misled as to the nature and extent of her legal rights, hence Plaintiff sustained an injury which is compensable under G.L. c. 93A.

19. On April 4, 2014, Plaintiff – through counsel – sent Defendant a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

20. Defendant received Plaintiff's demand, and in a written response dated April 28, 2014, Defendant denied Plaintiff's allegations and made no tender of settlement.

21. Defendant's refusal to make a reasonable and timely written tender of settlement was in bad faith with knowledge or reason to know that the conduct complained of violated G.L. c. 93A, §2.

22. Plaintiff brings Count II of this complaint on behalf of herself and a class of persons similarly situated.  Class members are all persons to whom Defendant sent an initial letter concerning a consumer debt within four (4) years prior to the filing of this action that included a validation rights notice with language identical or substantially similar to the first sentence of the excerpt set forth in paragraph 7, above, and was not returned or otherwise confirmed as undeliverable.  Excluded from the class are Defendant and her current and former officers, directors, employees, and agents.  Plaintiff alleges that the letter containing the unlawful language was a standard form letter which Defendant sent to all consumer debtors, therefore class members are sufficiently numerous such that joinder is impracticable.

23. Plaintiff is similarly situated to individual class members, as shown by common issues such as whether Defendant is a debt collector and/or creditor under Massachusetts law and whether the subject letter violated G.L. c. 93A as alleged.

24. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither Plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

WHEREFORE, Plaintiff prays that this Honorable Court:

(i) certify Plaintiff's claim pursuant to G.L. c. 93A, §9(2);
(ii) appoint Plaintiff as class representative and the undersigned as class counsel;
(iii) award Plaintiff and class members statutory damages;
(iv) award Plaintiff and class members costs and attorney's fees;
(v) permanently enjoin Defendant from further use of the unlawful language complained of;
(vi) award such further relief as shall be just and proper.

## COUNT III

25. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

26. The second sentence of the validation rights notice violated 15 U.S.C. §1692g(a) because it failed to inform Plaintiff that she had the right to dispute the debt or any portion thereof in writing within thirty days, and that by doing so Plaintiff would be entitled to receive verification of the debt or a copy of a judgment against her.

27. Plaintiff brings Count III of this complaint on behalf of herself and a class of persons similarly situated.  Class members are all persons to whom Defendant sent an initial letter concerning a consumer debt within one year prior to the filing of this action that included a validation rights notice with language identical or substantially similar to the second sentence of the excerpt set forth in paragraph 7, above, and was not returned or otherwise confirmed as undeliverable.  Excluded from each class are Defendant and her current and former officers, directors, employees, and agents.  Plaintiff alleges that the letter containing the unlawful language was a standard form letter which Defendant sent to all consumer debtors, therefore class members are sufficiently numerous such that joinder is impracticable.

28. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether

6

Defendant is a debt collector under the FDCPA and whether the subject letter violates the FDCPA as alleged.

29. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

30. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither Plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

31. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

> WHEREFORE, Plaintiff prays that this Honorable Court:
>
> (i)     certify Plaintiff's claim pursuant to Fed. R. Civ. P. 23;
> (ii)    appoint Plaintiff as class representative and the undersigned as class counsel;
> (iii)   award Plaintiff and class members statutory damages;
> (iv)    award Plaintiff and class members costs and attorney's fees;
> (v)     award such further relief as shall be just and proper.

## COUNT IV

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. The second sentence of the validation rights notice violated 209 CMR 18.18(1), 940 CMR 7.08(1) and the FDCPA. Therefore, the letter violated G.L. c. 93A, §2.

34. As a result of Defendant's unlawful language, Plaintiff was misinformed and misled as to the nature and extent of her legal rights, hence she sustained an injury which is compensable under G.L. c. 93A.

35. On April 4, 2014, Plaintiff – through counsel – sent Defendant a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

36. Defendant received Plaintiff's demand, and in a written response dated April 28, 2014, Defendant denied Plaintiff's allegations and made no tender of settlement.

37. Plaintiff brings Count IV of this complaint on behalf of herself and a class of persons similarly situated. Class members are all persons to whom Defendant sent an initial letter concerning a consumer debt within four (4) years prior to the filing of this action that included a validation rights notice with language identical or substantially similar to the second sentence of the excerpt set forth in paragraph 7, above, and was not returned or otherwise confirmed as undeliverable. Excluded from each class are Defendant and her current and former officers, directors, employees, and agents. Plaintiff alleges that the letter containing the unlawful language was a standard form letter which Defendant sent to all consumer debtors, therefore class members are sufficiently numerous such that joinder is impracticable.

38. Plaintiff is similarly situated to individual class members, as shown by common issues such as whether Defendant is a debt collector and/or creditor under Massachusetts law and whether the subject letter violated G.L. c. 93A as alleged.

39. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected

counsel with substantial experience in consumer class action litigation. Neither Plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

    WHEREFORE, Plaintiff prays that this Honorable Court:

(i)     certify Plaintiff's claim pursuant to G.L. c. 93A, §9(2);
(ii)     appoint Plaintiff as class representative and the undersigned as class counsel;
(iii)     award Plaintiff and class members statutory damages;
(iv)     award Plaintiff and class members costs and attorney's fees;
(v)     permanently enjoin Defendant from further use of the unlawful language complained of;
(vi)     award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

    NICOLE BINGHAM, Plaintiff, by:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
kquat@quatlaw.com